UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Holding a Criminal Term
Grand Jury Sworn in on May 5, 2015

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal No. |
| | ) | |
| v. | ) | GRAND JURY ORIGINAL |
| | ) | |
| DONNELL CLAYTON, JR., | ) | Violations: |
| also known as "Meatball," and | ) | 18 U.S.C. § 371 (Conspiracy); |
| | ) | 18 U.S.C. § 641 (Theft of Public Money); |
| ANTOINE ROBINSON, | ) | 18 U.S.C. § 1028A(a)(1), (c)(1) |
| also known as "Tony," | ) | (Aggravated Identity Theft); |
| | ) | 18 U.S.C. § 2 (Aiding and Abetting; |
| Defendants. | ) | Causing an Act to be Done). |
| | ) | |
| | ) | Forfeiture Allegation: |
| | ) | 18 U.S.C. § 981(a)(1)(C), 21 U.S.C. |
| | ) | § 853(p), and 28 U.S.C. § 2461(c). |

## INDICTMENT

The Grand Jury charges that:

### Introduction

At all times relevant to this Indictment:

1. Defendants DONNELL CLAYTON, JR., also known as "Meatball," and ANTOINE ROBINSON, also known as "Tony," resided within the State of Maryland.

2. A "means of identification" was any name or number that may be used, alone or in conjunction with any other information, to identify a specific individual, including a name, Social Security number, or date of birth.

3. The Internal Revenue Service ("IRS") was an agency of the United States Department of the Treasury responsible for enforcing and administering the tax laws of the United States, and collecting taxes owed to the United States.

4. The Earned Income Tax Credit ("EITC") was a refundable federal income tax credit for low- to moderate-income working individuals and families. When the EITC exceeded the amount of taxes owed, it resulted in a tax refund to those who claimed and qualified for the credit. The amount of an individual's EITC varied depending on, among other things, the individual's earned income and whether the individual had a qualifying dependent or dependents.

## COUNT ONE
### (Conspiracy to Commit Theft of Public Money)

5. The factual allegations contained in Paragraphs 1 through 4 of this Indictment are re-alleged and incorporated herein as if copied verbatim.

6. From in or about September 2008 and continuing through at least in or about November 2013, the specific dates being unknown to the Grand Jury, within the District of Columbia and elsewhere, defendants

**DONNELL CLAYTON, JR.,
and ANTOINE ROBINSON**

(collectively, "Defendants") and others, both known and unknown to the Grand Jury, unlawfully, voluntarily, intentionally, and knowingly did conspire, combine, confederate, and agree together and with each other to commit the offense of theft of public money, in violation of Title 18, United States Code, Section 641.

### MANNER AND MEANS

7. To accomplish the object of this conspiracy, Defendants used the following manners and means, among others:

a.   Defendant DONNELL CLAYTON, JR., and others, both known and unknown to the Grand Jury, would and did obtain and use the means of identification of individuals, including their names and Social Security numbers, for the purpose of filing false federal income tax returns with the IRS and obtaining fraudulent tax refunds to which they were not entitled. The tax returns falsely claimed, among other items, that the purported taxpayers operated a Schedule C business and had income sufficient to generate a tax refund based on the EITC. The tax returns also falsely claimed that the purported taxpayers had certain dependents, who were not, in fact, dependents of the purported taxpayers, in order to qualify for a higher refund based on the EITC. The tax returns claimed fraudulent tax refunds from the IRS.

b.   Defendants DONNELL CLAYTON, JR., and ANTOINE ROBINSON, and others, both known and unknown to the Grand Jury, would and did obtain permission to use and control residential addresses in the District of Columbia and elsewhere that were used to receive fraudulent tax refunds generated from the filing of false tax returns.

c.   Defendants DONNELL CLAYTON, JR., and ANTOINE ROBINSON, and others, both known and unknown to the Grand Jury, would and did use the residential addresses and means of identification to cause to be prepared and filed with the IRS false federal income tax returns which directed the tax refunds to be delivered via the United States Postal Service to residential addresses controlled by defendants DONNELL CLAYTON, JR., and ANTOINE ROBINSON, and others, both known and unknown to the Grand Jury.

d.   Defendants DONNELL CLAYTON, JR., and ANTOINE ROBINSON, and others, both known and unknown to the Grand Jury, would and did obtain fraudulent U.S. Treasury federal income tax refund checks that were delivered via the U.S. Mail.

e. Defendants DONNELL CLAYTON, JR., and ANTOINE ROBINSON, and others, both known and unknown to the Grand Jury, would and did cause fraudulently obtained U.S. Treasury federal income tax refund checks to be cashed or deposited into bank accounts controlled by defendants DONNELL CLAYTON, JR., and ANTOINE ROBINSON, and others, both known and unknown to the Grand Jury.

f. Defendants DONNELL CLAYTON, JR., and ANTOINE ROBINSON, and others, both known and unknown to the Grand Jury, withdrew funds and caused funds to be withdrawn from the bank accounts into which fraudulently obtained tax refunds were deposited.

g. Defendant ANTOINE ROBINSON, and others, both known and unknown to the Grand Jury, would and did cause fraudulently obtained U.S. Treasury federal income tax refund checks to be cashed at locations other than banks, including at check cashing businesses, and caused some of the cashed funds to be paid to others.

**OVERT ACTS**

8. In furtherance of the conspiracy, and to effect the objects thereof, the following overt acts, among others, were committed by or caused to be committed by one or more members of the conspiracy, in the District of Columbia and elsewhere:

a. On or about September 2, 2011, defendant DONNELL CLAYTON, JR., and others, both known and unknown to the Grand Jury, prepared, mailed, and filed with the IRS a false 2009 Form 1040, U.S. Individual Income Tax Return ("Form 1040"), with an attached false Schedule C-EZ, in the name of purported taxpayer C.Q., using the name and Social Security number of C.Q. and using a District of Columbia address not associated with C.Q. as the purported taxpayer address. The Schedule C-EZ falsely reported that C.Q. earned $12,775.00 in

gross receipts as a childcare worker. The Form 1040 also falsely reported that C.Q. had two dependents when, in fact, C.Q. had none.

b. On or about October 19, 2011, defendant ANTOINE ROBINSON transferred to AISHA MAYO a U.S. Treasury check in the amount of $3,345.00, which was an income tax refund issued from the U.S. Treasury, made payable to C.Q. and mailed to a District of Columbia address, based upon the false 2009 income tax return filed with the IRS in the name of purported taxpayer C.Q.

c. On or about October 19, 2011, AISHA MAYO cashed or deposited, or caused to be cashed or deposited, at Wells Fargo Bank a U.S. Treasury check in the amount of $3,345.00, which was an income tax refund issued from the U.S. Treasury, made payable to C.Q. and mailed to a District of Columbia address, based upon the false 2009 income tax return filed with the IRS in the name of purported taxpayer C.Q.

d. On or about January 21, 2012, defendant DONNELL CLAYTON, JR., and others, both known and unknown to the grand jury, prepared, mailed, and filed with the IRS a false 2010 Form 1040, with an attached false Schedule C, in the name of purported taxpayer K.B., using the name and Social Security number of K.B. and using a District of Columbia address not associated with K.B. as the purported taxpayer address. The Schedule C falsely reported that K.B. earned $11,409.00 in gross receipts as a childcare worker. The Form 1040 also falsely reported that K.B. had two dependents when, in fact, K.B. had none.

e. On or about March 31, 2012, defendant ANTOINE ROBINSON transferred to AISHA MAYO a U.S. Treasury check in the amount of $3,051.73, which was an income tax refund issued from the U.S. Treasury, made payable to K.B. and mailed to a District of Columbia

address, based upon the false 2010 income tax return filed with the IRS in the name of purported taxpayer K.B.

f. On or about March 31, 2012, AISHA MAYO cashed or deposited, or caused to be cashed or deposited, at Wells Fargo Bank a U.S. Treasury check in the amount of $3,051.73, which was an income tax refund issued from the U.S. Treasury, made payable to K.B. and mailed to a District of Columbia address, based upon the false 2010 income tax return filed with the IRS in the name of purported taxpayer K.B.

**(Conspiracy to Commit Theft of Public Money, in violation of Title 18, United States Code, Section 371)**

## COUNTS TWO AND THREE
**(Theft of Public Money)**

9. The factual allegations contained in Paragraphs 1 through 4 and 7 through 8 of this Indictment are re-alleged and incorporated herein as if copied verbatim.

10. On or about the date listed below, within the District of Columbia and elsewhere, in a continuing course of conduct, defendants DONNELL CLAYTON, JR., and ANTOINE ROBINSON did steal, purloin, and knowingly convert to their own use and the use of another, and did receive and retain with intent to convert to their own use and gain, knowing it to have been stolen, purloined, and converted, money of the United States, namely funds administered by the Department of the Treasury in the form of a federal tax refund in the amount and in the name of the individual whose initials are listed below, which was mailed to an address in the District of Columbia and cashed or deposited at Wells Fargo Bank:

| Count | On or About Date | Individual | Amount |
|-------|------------------|------------|--------|
| 2 | 10/19/2011 | C.Q. | $3,345.00 |
| 3 | 03/31/2012 | K.B. | $3,051.73 |

**(Theft of Public Money, and Aiding and Abetting and Causing an Act to be Done, in violation of Title 18, United States Code, Sections 641 and 2)**

### COUNTS FOUR AND FIVE
### (Aggravated Identity Theft)

11. The factual allegations contained in Paragraphs 1 through 4 and 7 through 8 of this Indictment are re-alleged and incorporated herein as if copied verbatim.

12. On or about the date listed below, within the District of Columbia and elsewhere, defendants DONNELL CLAYTON, JR., and ANTOINE ROBINSON did knowingly transfer, possess, and use the means of identification of another person without lawful authority during and in relation to the offense in this Indictment described as a Related Count, that is, they knowingly transferred, possessed, and used the name and Social Security number of an actual person known to the Grand Jury, listed by his or her initials below, to commit theft of public money in violation of 18 U.S.C. § 641 by obtaining a federal income tax refund in the stated amount:

| Count | On or About Date of Offense | Related Count | Individual | Refund Amount |
|---|---|---|---|---|
| 4 | 10/19/2011 | 2 | C.Q. | $3,345.00 |
| 5 | 03/31/2012 | 3 | K.B. | $3,051.73 |

**(Aggravated Identity Theft, and Aiding and Abetting and Causing an Act to be Done, in violation of Title 18, United States Code, Sections 1028A(a)(1), (c)(1) and 2)**

### FORFEITURE ALLEGATION

1. Upon conviction of any of the offenses alleged in Counts One through Three, the defendants shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to these offenses, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c). The United States will also seek a forfeiture money judgment against the

defendants equal to the value of any property, real or personal, which constitutes or is derived from proceeds traceable to these offenses.

    2.    If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendants:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third party;

    c.    has been placed beyond the jurisdiction of the Court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property that cannot be divided without difficulty;

the defendants shall forfeit to the United States any other property of the defendants, up to the value of the property described above as being subject to forfeiture, pursuant to 21 U.S.C. § 853(p).

**(Criminal Forfeiture, pursuant to Title 18, United States Code, Section 981(a)(1)(C), Title 28, United States Code, Section 2461(c), and Title 21, United States Code, Section 853(p))**

A TRUE BILL

FOREPERSON

ATTORNEY FOR THE UNITED STATES IN
AND FOR THE DISTRICT OF COLUMBIA